Scott, J.
The record, which was admitted by the court, shows that the petition was filed in due form, making the proper parties, at the May term, 1837; whereupon a guardian ad litem, for the infant defendants, was appointed by the court, and publication of notice to defendants ordered to be made for six weeks, in the Herald and Gazette. At October term, 1837, publication of notice was proved, and the notice itself was copied into the record, and is apparently regular. The record of the proceedings, at April term, 1838, reads thus: “ Now comes the petitioner and shows to the court that the facts contained in his petition are true, and that due notice has been given to the defendants, and no objection being made, the prayer of the petition is granted,” etc., proceeding to order an appraisal of the premises. The appraisement was returned to the June term, 1838, approved by the court, and a sale ordered. *589 The cause was then continued, from term to term, until 1847, when a sale was made, reported to the court, approved, and deed ordered to the purchaser; the court finding that the sale had been, in' all respects, legally made.
The objection to the admissibility of the record in evidence, rests solely on the supposed want of jurisdiction of the court, for the reason that the present plaintiff, an infant defendant in the case, was not before the court.
"Whether the court could have acquired jurisdiction in the case, so as to make a valid order of sale, without having the infant defendant before it, we need not inquire, unless the record presents such a ease. It is the record of a court of general common law and chancery jurisdiction ; a court of record, competent to decide on its own jurisdiction ; and if the record were silent as to the service of process, it would, in a collateral proceeding, be presumed to have properly acquired jurisdiction. Moore v. Starks, 1 Ohio St. Rep. 369.
But the record in this case is not silent on the subject of notice or process. It shows affirmatively that notice by publication was ordered at May term, 1837, and proved, at the following October term,, to have been regularly made. For aught that appears, this may have been the proper mode of notifying some of the defendants of the pendency of the petition. They may have been non-residents of the state. The present plaintiff, being a resident of the state, was entitled, by the provisions of the act of March 12, 1831, under which the proceeding was had, to notice by the service of a subpoena. At the April term of the court, 1838, it was shown “ to the court, that due notice had been given to the defendants.” The record does not set out the evidence upon which this fact was found by the court, nor was it necessary that it should do so. The language of the record imports, under the circumstances, a finding by the court that this plaintiff had received notice by the proper service of a subpoena. That notice, which *590 the law required, could alone he “ due notice.” We think fhe record shows the present plaintiff to have been before the court, and that there was no want of jurisdiction, either of the subject matter or the parties. It was, therefore, competent evidence in the case. And the fact of notice having been found by a court of competent jurisdiction to determine the question, and being shown by a record importing absolute verity, the proof offered by the plaintiff in contradiction of it, was properly excluded.
As to the other point made, the subscribing witness was shown not to be within reach of the process of the court. In such case, we understand the rule to be, that his handwriting may be proved. Clark v. Boyd, 2 Ohio Rep. 57.
But, were it otherwise, the judgment must still be affirmed. The plaintiff could only recover upon the strength of his own title. And it being shown that that title was wholly divested by the administrator’s sale, and a regular conveyance pursuant thereto, the defendants were entitled to judgment without proof of title in themselves.

Judgment affirmed.

Swan, C. J., and Brenkerhoee, Sutliee and Peck, JJ., concurred.